UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID STEWART,

    Petitioner,

v.                                                    Case No. 2:06-cv-217
                                                      HON. R. ALLAN EDGAR

THOMAS BIRKETT,

    Respondent.

_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action. The Report and Recommendation was duly served on the parties. The Court has received objections from petitioner. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

Petitioner argues that the petition should not be considered barred by the one year statute of limitations period provided in 28 U.S.C. § 2244(d)(1). However, the petition is clearly barred by the limitations period. Petitioner argues that the limitations period should be tolled because he is actually innocent. Petitioner generally claims that he is actually innocent of the offenses for which he was convicted. The Sixth Circuit has held that a habeas petitioner who demonstrates a credible claim of actual innocence based on new evidence may, in exceptional circumstances, be entitled to equitable tolling of habeas limitations. *See Souter v. Jones*, 395 F.3d

577, 597-98 (6th Cir. 2005). Petitioner, however, fails to meet the standard for proving a claim of actual innocence. To support a claim of actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Souter*, 395 F.3d at 590, 598-99; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Allen*, 366 F.3d at 405. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d at 405 (internal quotations and citations omitted). Petitioner has made no such showing in this case. His contention that his habeas claims have merit does not state a claim of actual innocence. Moreover, he has presented no new reliable evidence in support of such a claim. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court.

Dated:   4/5/07                                                          /s/ R. Allan Edgar
                                                                         R. ALLAN EDGAR
                                                                         UNITED STATES DISTRICT JUDGE